CLAUDIAN B. NORTHROP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20358. Promulgated October 15, 1929.

*Claudian B. Northrop* pro se.
*A. S. Lisenby, Esq.,* for the respondent.

952

953

OPINION.

VAN FOSSAN: At the hearing petitioner moved for judgment by default, basing his motion on the alleged error of the Board in granting respondent additional time to answer.

Without pausing to discuss the several arguments advanced by petitioner in support of this motion, we are of the opinion that the motion should be and it hereby is denied.

With respect to the petitioner's first assignment of error, namely, as to the amount of credit allowed by respondent because of earned net income, we are of the opinion that the respondent's method of calculating the amount to be allowed under the provisions of the Revenue Act of 1924 is correct. The applicable provisions of the statute are contained in sections 209, 210, and 216 thereof. Paragraph (2) of section 209(a) provides that the term "earned income

deductions" means such deductions as are allowed by section 214 for the purpose of computing net income, and are properly allocable to or chargeable against earned income.

Section 209 further provides, in part, as follows:

(a) For the purposes of this section—

*　　　*　　　*　　　*　　　*　　　*　　　*

(3) The term "earned net income" means the excess of the amount of the earned income over the sum of the earned income deductions. If the taxpayer's net income is not more than $5,000, his entire net income shall be considered to be earned net income, and if his net income is more than $5,000, his earned net income shall not be considered to be less than $5,000. In no case shall the earned net income be considered to be more than $10,000.

(b) In the case of an individual the tax shall, in addition to the credits provided in section 222, be credited with 25 per centum of the amount of tax which would be payable if his earned net income constituted his entire net income; but in no case shall the credit allowed under this subdivision exceed 25 per centum of his tax under section 210.

Section 210 (a) is as follows:

In lieu of the tax imposed by section 210 of the Revenue Act of 1921, there shall be levied, collected and paid for each taxable year upon the net income of every individual (except as provided in subdivision (b) of this section) a normal tax of 6 per centum of the amount of the net income in excess of the credits provided in section 216, except that in the case of a citizen or resident of the United States the rate upon the first $4,000 of such excess amount shall be 2 per centum, and upon the next $4,000 of such excess amount shall be 4 per centum * * *.

Section 216, referred to in section 210 (a), provides, among other things, that for the purposes of normal tax only there shall be allowed a credit of $2,500 in the case of the head of a family living with husband or wife and a credit of $400 for each person dependent upon and receiving his chief support from the taxpayer within the terms of the section.

The petitioner's actual earned net income was considerably in excess of $10,000. He is therefore entitled to a credit of 25 per cent of the tax on a maximum earned net income of $10,000, pursuant to section 209 (a) (3) and (b). He argues that because paragraph (2) of section 209 (a) defines "earned income deductions" as such deductions as are allowed by section 214 for the purpose of computing net income, therefore, in computing the amount of tax on earned net income to be credited under section 209 (b), it is improper to deduct from the maximum earned net income of $10,000 the amount of credits provided in section 216 (c) and (d). In our opinion the provisions of the statute do not sustain the petitioner's position.

Section 209 (b) provides that an individual's tax shall " be credited with 25 per centum of the amount of tax which would be pay-

able if his earned net income constituted his entire net income." Therefore, in the instant proceeding the credit of 25 per cent of the amount of tax on $10,000 of earned net income is to be computed as if the maximum earned net income of $10,000 constituted the petitioner's entire net income for the year 1924. Under section 210(a) the normal tax is to be levied, collected and paid on the amount of net income of each individual " in excess of the credits provided in section 216." We are, therefore, of the opinion that the respondent's method of calculating the credit to be allowed pursuant to the provisions of section 209(a)(3) and (b) is not erroneous.

The petitioner's second assignment of error raises the question whether or not the cost of repairs to his house at 13 East Lenox Street, Chevy Chase, Md., was an ordinary and necessary expense paid or incurred " in carrying on any trade or business."

The phrase " trade or business " has been construed by this Board in various decisions involving its interpretation as used in several connections in the revenue acts. In the case of *Thomas F. Sheridan*, 4 B. T. A. 1299, we referred with approval to the definition of " trade or business " given in Bouvier's Law Dictionary as " that which occupies the time, attention, and labor of men for the purpose of a livelihood and profit." The *Sheridan* case involved the interpretation of the term " trade or business " as used in section 214(a)(4) of the Revenue Act of 1918, but in the case of *Albert M. Briggs*, 7 B. T. A. 409, 412, we said that Bouvier's definition was equally applicable to that term as used in section 214(a)(1) of the Act of 1918. It is also applicable to the term " trade or business " as used in section 214(a)(1) of the Revenue Act of 1924. See, also, *Ignaz Schwinn*, 9 B. T. A. 1304, 1308.

It is apparent from the facts that petitioner occupied his house at 13 East Lenox Street, Chevy Chase, Md., as a residence for himself and his family. He was not in the business of renting the house. He lived in it and rented it only occasionally. This occasional rental was a mere by-product of petitioner's ownership and occupancy. The mere fact that he wanted to sell the house or rent it, when and if he could, does not make the possible rental or sale of it a trade or business within the contemplation of the statute here involved. The deduction of the cost of the repairs in question, therefore, is not permissible under the statute.

Reviewed by the Board.

*Decision will be entered for the respondent.*